IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RANDALL DAVID DUE, Fictitious Business Name,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW R. HOFFMAN, and ROBERT T. DAWSON,<br><br>Defendants. | 8:22CV251<br><br>MEMORANDUM AND ORDER |
| RANDALL DAVID DUE,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT T. DAWSON, MATTHEW R. HOFFMAN, and BRIAN D. BAILEY,<br><br>Defendants. | 8:22CV252<br><br>MEMORANDUM AND ORDER |

Plaintiff Randall David Due ("Due"), a pro se litigant, filed two Complaints on July 5, 2022 (Filing No. 1, Case No. 8:22CV251; Filing No. 1, Case No. 8:22CV252) in the United States District Court for the Middle District of Georgia. On July 12, 2022, the Honorable Leslie A. Gardner determined that the District of Nebraska is the appropriate forum for each action and entered orders transferring the matters to this Court pursuant to 28 U.S.C. §§ 1391(b) and 1406(a). (Filing No. 3, Case No. 8:22CV251; Filing No. 3, Case No. 8:22CV252.) The matter was originally assigned to the Honorable Joseph F. Bataillon as the supervising pro se judge but was subsequently reassigned to the undersigned. (Filing No. 9, Case No. 8:22CV251; Filing No. 9, Case No. 8:22CV252.) Due was given leave to proceed in forma pauperis in both cases. (Filing No. 10, Case No. 8:22CV251; Filing

No. 10, Case No. 8:22CV252.) The Court now conducts an initial review of Due's Complaints in each of the above-captioned cases to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e).

I.    SUMMARY OF COMPLAINTS

In both Case Nos. 8:22CV251 and 8:22CV252, Due names Senior United States District Court Judge Robert T. Dawson ("Judge Dawson") and U.S. Attorney Matthew R. Hoffman ("Hoffman") as Defendants. Due names U.S. Attorney Brian D. Bailey ("Bailey") as an additional defendant in Case No. 8:22CV252. Due captions both of his Complaints as "Independent Hazel-Atlas Civil Action[s]" filed pursuant to 28 U.S.C. § 1331. (Filing No. 1 at 1, Case No. 8:22CV251; Filing No. 1 at 1, Case No. 8:22CV252.) In both actions, Due purports to challenge the Defendants' alleged fraud upon the court in his criminal case, *United States v. Due*, Case No. 8:12-cr-00344-RFR-MDN-2 (D. Neb.) (hereinafter "Criminal Case"). Due was convicted after a jury trial of seven counts of conspiracy/false liens in violation of 18 U.S.C. § 1521 and was sentenced on December 5, 2014 to 120 months' imprisonment on each count, with the sentences to run concurrently to each other, followed by concurrent terms of 3 years' supervised release on each count. (Filing No. 533, Case No. 8:12CR344.) Due's Criminal Case records show that Due has been released from the Bureau of Prisons' ("BOP") custody and is currently on supervised release.[1]

Due alleges that he is "personally suffering injury from the continued loss of his 5th Amendment Right of Due Process of Law, which in turn continues to deprive him of his 2nd Amendment Right to keep and bear arms" and that his injury "is fairly traceable to the Fraud upon the court." (Filing No. 1 at 9, Case No. 8:22CV251; Filing No. 1 at 9, Case No. 8:22CV252.) In Case No. 8:22CV251, Due alleges Judge Dawson denied his due process rights multiple times during his criminal trial and conspired with Hoffman to fraudulently instruct the jury by removing the essential element from the indictment requiring the government to prove the liens were false in fact and by improperly including parts of

---

[1]The online Bureau of Prisons' records also show that Due was released on June 14, 2022. *See* https://www.bop.gov/inmateloc/ (search "Find By Name" for "Randall David Due") (last visited March 1, 2023).

Nebraska statutes instead of the relevant federal statutes. (Filing No. 1 at 9, Case No. 8:22CV251.) Due also alleges Hoffman failed to prove the liens at issue were "in fact . . . false beyond a reasonable doubt." (*Id*.) Due argues that each of the foregoing alleged defects in his criminal trial constitutes a fraud upon the Court and "caused the court to lack subject-matter jurisdiction." (*Id*. at 10.) Similarly, in Case No. 8:22CV252, Due alleges "Service was fraudulent or in error" which "resulted in Fraud upon the court because the court failed to have 'personal jurisdiction.'" (Filing No. 1 at 9, Case No. 8:22CV252.)

As relief, Due asks the Court to "[a]ffirm Constitutional Due Process violations"; "[a]ffirm that Service was fraudulent or in error"; and "[a]ffirm" that because of these "FRAUD[S] UPON THE COURT that the court Lacked Subject-Matter Jurisdiction" and "Personal Jurisdiction." (Filing No. 1 at 10, Case No. 8:22CV251; Filing No. 1 at 10, Case No. 8:22CV252 (internal quotation marks and emphasis omitted).) Due also asks that Defendants pay all court costs and fees. (*Id*.)

**II.    STANDARD OF REVIEW**

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III.  DISCUSSION

Due challenges the constitutionality of his conviction for filing false liens and encumbrances in his Criminal Case through these purported independent actions pursuant to *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), in which the United States Supreme Court held that federal courts possess inherent authority to vacate a judgment obtained by fraud on the court.

This is not the first time Due has attempted to invoke *Hazel-Atlas* to challenge his conviction or sentence.  Due filed three *Hazel-Atlas* actions in the United States District Court for the Southern District of Illinois while he was still an inmate in BOP custody. *See Due v. USA*, No. 21-CV-1432-NJR, 2022 WL 1061930 (S.D. Ill. Apr. 8, 2022) (discussing Due's *Hazel-Atlas* filings in that court).  In all three cases, the district court construed Due's action as an attempt at a successive motion to vacate, set aside, or correct sentence without first obtaining the necessary authorization from the court of appeals before bringing the successive attack on his conviction and sentence and dismissed the cases for lack of subject matter jurisdiction.  *Id*. at *1–2; *see also* 28 U.S.C. § 2244(b)(3).  Due also filed in his Criminal Case a "Motion 60(d)(3)-Hazel-Atlas Action" (Filing No. 613, Case No. 8:12CR344) and a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 611, Case No. 8:12CR344), both of

4

which raised many of the same claims presented here.[2] The Court denied both motions since they "largely raise[d] the same issues and arguments repeatedly reviewed and rejected by the Court as frivolous and without merit" and because Due's § 2255 motion was untimely and failed on the merits. (Filing No. 615, Case No. 8:12CR344).

Upon careful review of both Complaints, the Court finds Due's present actions are simply another attempt at a successive attack on his criminal conviction and sentence. Though Due has been released from BOP custody, he is currently on supervised release and, thus, remains in "custody" for habeas corpus purposes. *Wilson v. Fikes*, No. 19-CV-1942-SRN-KMM, 2019 WL 7593244, at *2 (D. Minn. Aug. 27, 2019), *report and recommendation adopted*, No. 19-CV-1942 (SRN/KMM), 2019 WL 6318621 (D. Minn. Nov. 26, 2019) ("a person subject to conditions of supervised release remains 'in custody' as that phrase has been construed within the context of habeas litigation." (citing *Francis v. Maloney*, 798 F.3d 33, 37 (1st Cir. 2015); *United States v. Dohrmann*, 36 Fed. App'x 879, 880 (9th Cir. 2002) (per curiam))); *Harding v. United States*, No. 5:18-CV-05022-JLV, 2018 WL 4334074, at *3 (D.S.D. June 6, 2018), *report and recommendation adopted*, No. CIV. 18-5022-JLV, 2018 WL 3831342 (D.S.D. Aug. 13, 2018) ("Supervised release status has also been determined to constitute custodial status for purposes of habeas relief." (citing *United States v. Cervini*, 379 F.3d 987, 989 n.1 (10th Cir. 2004))); *United States v. O'Berry*, No. 4:05-CR-024, 2012 WL 2768430, at *3 (D.N.D. July 9, 2012) ("Courts have consistently held that a person on parole or supervised release is 'in custody' for habeas corpus purposes." (citing cases)). Thus, Due must obtain the necessary authorization from the court of appeals before he may bring these successive attacks on his criminal conviction and sentence. *See* 28 U.S.C. § 2244(b)(3); *Due v. USA*, 2022 WL 1061930 at *2 ("While the district court does possess [inherent authority to vacate a judgment obtained by fraud on the court], it is constrained by 28 U.S.C. § 2244(b)(3)."). Because he has not obtained

---

[2]Due also filed in his Criminal Case a pleading captioned as an "Independent Hazel-Atlas Action" which the Court treated as a motion (Filing No. 621, Case No. 8:12CR344) and denied based on Due's then-pending appeal (Filing No. 622, Case No. 8:12CR344).

the requisite authorization, the Court lacks subject matter jurisdiction and will dismiss both actions without prejudice.

Alternatively, even if the Court were to consider Due's actions as independent *Hazel-Atlas* actions, his allegations fall far short of meeting the high standard of showing fraud on the court to warrant vacation of his criminal judgment or a declaration that the judgment is void. As the Eighth Circuit Court of Appeals has explained,

> Fraud on the court which justifies vacating a judgment is narrowly defined as "fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury." *Bulloch* [*v. United States*, 763 F.2d 1115, 1121 (10th Cir.1985)]; *see also*, *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir.2002). The standard for fraud on the court in the context of the court exercising its inherent powers under the principles of *Hazel–Atlas Glass* is higher and distinct from the more general standard for fraud under Fed.R.Civ.P. 60(b)(3). A finding of fraud on the court under this standard "is justified only by the most egregious misconduct directed to the court itself, such as bribery of a judge or jury or fabrication of evidence by counsel . . . ." *Greiner v. City of Champlin*, 152 F.3d 787, 789 (8th Cir.1998) (quoting *Landscape Properties, Inc. V. Vogel*, 46 F.3d 1416, 1422 (8th Cir.1995)). Rules arising from the inherent powers of the courts have evolved to become exceedingly narrow, and to require that the power to set aside a judgment based upon fraud on the court involve the court actually being deceived by the misrepresentation.

*United States v. Smiley*, 553 F.3d 1137, 1144–45 (8th Cir. 2009). Here, Due asserts the same conclusory arguments regarding fraud that have been repeatedly reviewed and rejected by this and other courts. Due's arguments are frivolous and in no way demonstrate any fraud on the Court that would justify granting him any relief relative to his Criminal Case.

Based on the foregoing,

IT IS ORDERED:

1. The above-captioned matters are dismissed without prejudice.
2. A separate judgment shall be entered.

Dated this 1st day of March 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge